# WOOD,
## *Appellant,*

*v.*

# STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
## *Respondent.*

(88-10-109; CA A60803)

787 P2d 504

Barton C. Bobbitt, Portland, argued the cause for appellant. With him on the briefs was Bobbitt & Laster, P.C., Portland.

William G. Wheatley, Eugene, argued the cause for respondent. With him on the brief were Denise G. Fjordbeck, and Jaqua & Wheatley, P.C., Eugene.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff, one of defendant's insureds, brought this action for a declaration that, because defendant did not repeatedly, at each renewal date, give notice of an option to obtain uninsured motorist/underinsured motorist coverage, the limits of her policy should be treated as $100,000. The proceeding was tried on the record as a submitted controversy, ORCP 66, and the trial court found in favor of defendant. We affirm.

Plaintiff first purchased an insurance policy from defendant in 1965. In 1985, she was injured by a hit-and-run driver, resulting in damages of almost $55,000. At the time of the accident, the liability coverage of her policy had a $100,000 limit for bodily injury to one person, and the uninsured motorist coverage had a $25,000 limit.[1]

In 1981, the legislature amended ORS 743.789[2] to require insurance companies to offer underinsured motorist coverage as well as uninsured motorist coverage.[3] *Blizzard v. State Farm Automobile Ins. Co.,* 86 Or App 56, 58, 738 P2d 983, *rev den* 304 Or 149 (1987). Or Laws 1981, chapter 586, §§ 2 and 3, provided:

"Section 2. This Act does not apply to a policy made before the effective date of this Act. However, this Act applies to a renewal or extension of an existing policy on or after the effective date of this Act as well as to a new policy made on or after the effective date of this Act.

"Section 3. This Act takes effect on January 1, 1982."

In April, 1982, defendant sent plaintiff a pamphlet regarding the new law and also included a notice on her premium

---

[1] Defendant has paid the policy limit of uninsured motorist coverage.

[2] ORS 743.789 was renumbered ORS 742.502 in 1989.

[3] Or Laws 1981, ch 586, § 2 added this to ORS 743.789(2):

"Offers of uninsured motorist coverage larger than the amounts required by ORS chapter 486 shall include underinsurance coverage for damages or death caused by accident and arising out of the ownership, maintenance or use of a motor vehicle that is insured for an amount that is less than the insured's uninsured motorist coverage. Underinsurance benefits shall be equal to uninsured motorist coverage benefits less the amount recovered from other automobile liability insurance policies."

renewal notice, giving her the option to obtain increased uninsured motorist coverage.[4] Plaintiff did not accept the offer. Defendant gave no other notice in three later policy renewals.

The issue is whether defendant's April, 1982, notice fulfilled its obligations under the 1981 amendment or whether, as plaintiff contends, defendant was required to provide a notice in conjunction with every renewal. Plaintiff argues that defendant has the obligation to present the coverage increase for acceptance or rejection, *see White v. Safeco Insurance Co.,* 68 Or App 11, 680 P2d 700, *rev den* 297 Or 492 (1984), and that the express language "a" before renewal or extension, does not necessarily mean a single renewal and should be read as synonymous with "any" and "every."

We do not conclude, as plaintiff does, that the use of the word "a" shows a legislative intent that notice must be provided at every renewal. The purpose of the 1981 amendment was to provide for underinsured, as well as for uninsured coverage, and offers of uninsured coverage must include both.[5] It is clear from chapter 586, read as a whole, as well as from the legislative history, that the legislature was concerned that the new coverage be uniformly available.[6] Section 2 accomplished that goal by providing that, after January 1, 1982, all policy holders, whether new or existing, must be offered the new coverage.

In *White v. Safeco Insurance Co., supra,* we held that *former* ORS 743.789 included an affirmative duty on the part of insurance companies to give an insured the opportunity to accept or reject uninsured coverage to the limits of the liability

---

[4] Plaintiff's notice stated:

"A. New state law broadens uninsured motorist coverage, coverage U. See insert for details.

"If you would like coverage U limits equal to your bodily injury limits of $100,000, check here _____ and pay $13.61.

"If different limits are desired, please contact your agent."

[5] Defendant argues that, because the amendment was to add underinsured insurance, it had no obligation to provide notice in regard to uninsured coverage. However, the statute requires offers of uninsured motorist coverage to include underinsurance coverage, and we have held that the insurer's duty is the same in both coverages. *Blizzard v. State Farm Automobile Ins. Co., supra,* 86 Or App at 60 n 6.

[6] *See* Minutes, Senate Insurance/Banking/Retirement Committee, January 21, 1983, p. 5.

coverage. The rationale behind that duty is that an insured must be made aware that there is a choice. *See also Blizzard v. State Farm Automobile Ins. Co., supra,* 86 Or App at 61. However, once an insured has been made aware that the coverage is available, an insurer is not obligated, as the trial court aptly put it, to inquire continuously whether the insured really meant to refuse. Plaintiff has not asserted that defendant's notice in April, 1982, was not adequate[7] and, having once given it, defendant was not required to provide notice again.

Affirmed.

---

[7] *Cf. Zuber v. Safeco Ins. Co.,* 96 Or App 596, 773 P2d 800 (1989). (Content of insurer's offer did not satisfy requirement of ORS 745.789(2)).